# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

MICHAEL R. DUNBAR,                          :
                                            :
                Plaintiff,                  :
                                            :
                                            :
        v.                                  : Civ. No. 14-1245-LPS
                                            :
MARSHA J. WHITE, et al.,                    :
                                            :
                Defendants.                 :
                                            :

---

Michael R. Dunbar, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

March 13, 2015
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.  INTRODUCTION

Plaintiff Michael R. Dunbar ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  He also raises supplemental State tort claims.  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 9)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).  (*See* D.I. 1)

## II.  BACKGROUND

Plaintiff's allegations concern his underlying criminal convictions.[1]  A criminal matter was scheduled for January 2007.  Plaintiff contends that he wanted to go to trial and show that he had turned himself in for questioning.  However, he signed a document that waived his preliminary hearing; he alleges that he was mislead into signing the document.  Plaintiff alleges that Defendant Public Defender Dean DelCollo ("DelCollo") was not present to protect his rights at the hearing.  Plaintiff appealed the matter, and alleges that the case was never heard by the Delaware Supreme Court.

There was a special hearing with Defendants Deputy Attorneys General Marsha J. White ("White") and Cari VanDyke ("VanDyke"), as well as Public Defenders DelCollo and Tyler K.

---

[1]On October 8, 2008, Plaintiff pled guilty but mentally ill to manslaughter as a lesser-included offense of murder in the first degree.  On December 12, 2008, he was sentenced to fifteen years at Level V suspended after five years for decreasing levels of supervision.  On June 28, 2012, Plaintiff was convicted of violating probation ("VOP") and was resentenced to ten years at Level V suspended for five years at Level III.  On August 31, 2012, Plaintiff was again found guilty of VOP and was resentenced to nine years and six months at Level V suspended for nine years and six months at Level IV Crest, suspended after successful completion for four years at Level III.  On May 30, 2013, the August 31, 2012 VOP sentence was modified by removing the Level IV Crest component and placing Plaintiff on Level III probation.  On October 31, 2013, Plaintiff was found guilty of his third VOP and resentenced to nine years and six months at Level V suspended upon successful completion of Level V Key for four years at Level IV Crest, suspended upon successful completion for four years at Level III aftercare.  *See Dunbar v. State*, 91 A.3d 561 (Del. 2014) (table).

1

O'Connell ("O'Connell"). An August 21, 2008 letter indicated that Plaintiff was "now competent to stand trial." During this time, Plaintiff was in the Delaware Psychiatric Center ("DPC"). Plaintiff entered into a plea agreement but questions why it took so long to offer him a plea, why he continued under doctors' care when he wanted to proceed to trial, and why bail was not set. Plaintiff remained in the DPC and was not sentenced until December 2009. Plaintiff contends that Defendants held the indictment over his head to ensure his cooperation. He alleges that Defendants lacked proof in his case and takes exception to his convictions and sentences. He seeks compensatory damages for the time he has served and asks the Court to review his plea agreement.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) & § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v.*

2

*Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then

"determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

### A.   Judicial Immunity

The judges named as defendants have judicial immunity. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12. The Complaint contains no allegations that Superior Court Judges Jerome O. Herlihy ("Herlihy"), Susan Del Pesco ("Del Pesco"), or Andrea L. Rocanelli ("Rocanelli") acted outside the scope of their judicial capacities, or in the absence of any jurisdiction. They are immune from suit and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(3).

### B.   State Actors

Public Defenders DelCollo and O'Connell are not state actors. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Hence, Plaintiff's claims against the Public Defenders fail as a matter of law, and they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and    § 1915A(b)(1).

## C.     Prosecutorial Immunity

Deputy Attorneys General White and VanDyke have prosecutorial immunity. The acts complained of by Plaintiff occurred during the prosecution of his criminal cases. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Moreover, prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The acts of which Plaintiff complains fit squarely within the realm of official prosecutorial duties. *See id.* at 430 (activities intimately associated with the judicial phase of the criminal process – casting prosecutor as advocate rather than administrative or investigative officer – trigger absolute immunity). White and VanDyke enjoy immunity from § 1983 liability, and the claims against them will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

## D.     Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims,

5

the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief) – no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his convictions or sentences have been reversed or invalidated. To the extent he seeks damages for his current incarceration, the claim is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

## V.   **CONCLUSION**

For the above reasons, the Complaint will be dismissed as legally frivolous and based upon Defendants' immunity pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). The request for counsel (D.I. 10) will be denied as moot.

An appropriate Order will be entered.